**Judge_____**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| DAVA VALLENTGOED, | ) | Court File No. _____ |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| BNSF RAILWAY COMPANY, | ) | |
| a Delaware Corporation, | ) | **DEMAND FOR JURY TRIAL** |
|     Defendant. | ) | |
| | ) | |

Plaintiff Dava Vallentgoed, by and through her undersigned counsel, brings this Complaint against Defendant BNSF Railway Company ("the railroad" or "BNSF"). In support, Ms. Vallentgoed states and alleges as follows:

### PARTIES

1.      At all times material herein, Ms. Vallentgoed was and is a resident of the City of Bonney Lake, State of Washington. At all times material herein, notwithstanding the period of time when she was terminated, Ms. Vallentgoed was an employee of the BNSF, having been hired and employed as a conductor.

2.      At all times material herein, the railroad was and is a Delaware corporation organized and existing as a railroad carrier engaged in interstate commerce. The railroad

maintains and operates offices in the State of Washington including one at: BNSF Railway Company, 1315 A Street, Building A, Auburn WA 98002.

**JURISDICTION & VENUE**

3.      This action arises under the whistleblower protection provisions of the Federal Rail Safety Act, codified at 49 U.S.C. § 20109.  On or about May 28, 2019, Ms. Vallentgoed filed a complaint with the Secretary of Labor alleging that the railroad had violated one or more protections codified at 49 U.S.C. § 20109.  This complaint was timely as less than 180 days had passed since adverse employment action suffered by Ms. Vallentgoed.  More than 210 days have elapsed since Ms. Vallentgoed filed that complaint, the Secretary of Labor issued a decision on November 5, 2020, and on December 4, 2020, Ms. Vallentgoed timely Objected to the Secretary's Findings with the Office of Administrative Law Judges ("OALJ") in accordance with C.F.R § 1982.106. The OALJ hearing has not occurred and no decision was made by the OALJ.

4.      Venue is proper in the District of Washington pursuant to 28 U.S.C. § 1391.  A substantial part of the events, acts, and/or omissions giving rise to Ms. Vallentgoed's claim in this action occurred in this judicial district.  Ms. Vallentgoed resides in this judicial district.  And because the railroad conducts business in this judicial district and has sufficient contacts with this judicial district, this Court has personal jurisdiction over the railroad.

**COUNT I: FEDERAL RAIL SAFETY ACT – WHISTLEBLOWER**

5.      Each and every preceding paragraph is incorporated herein in its entirety by this reference.

6.      Ms. Vallentgoed engaged in various instances of protected activity, as statutorily defined by the whistleblower-protection provisions of the Federal Rail Safety Act, codified at 49 U.S.C. § 20109.  These protected activities include, but are not necessarily limited to:

a.   Notifying or attempting to notify the railroad of a work-related personal injury in good faith on or about March 11, 2019;

b.   Reporting in good faith a hazardous safety condition when she reported rough track on or about March 11, 2019;

c.   Reporting in good faith a hazardous safety condition when she reported a rough ride on or about March 11, 2019;

d.   Other instances of protected activity as may be established by the evidence.

7.   The railroad, its officers, and/or its employees took actions to reprimand, suspend, or in some other way discriminate against Mr. Carlson, such as:

a.   On or about March 15, 2019, the railroad notified Ms. Vallentgoed that she was being investigated for a alleged carelessness and the safety of yourself and others when she failed to immediately report a rough track defect;

b.   Subjecting Ms. Vallentgoed to an on-property investigation on or about April 18, 2019, for alleged failure to report a rough track defect;

c.   Terminating Ms. Vallentgoed's employment on or about April 25, 2019; and

d.   On or around the time of each of these events, BNSF noted these things on Ms. Vallentgoed's employment record, creating a potential for blacklisting.

8.   At the time that the railroad took the above-described adverse employment actions against Ms. Vallentgoed, the railroad, its employees, and/or its officers were aware that

Ms. Vallentgoed had engaged in the above-described protected activity.

9.      The railroad's decisions to hold an investigation, reprimand, suspend, terminate, or otherwise discriminate against Ms. Vallentgoed were due, in whole or in part, to her engagement in protected activity.  This is evidenced by facts and circumstances including but not limited to the following:

    a.  There is close temporal proximity between one or more instances of protected activity and the adverse employment actions to which Ms. Vallentgoed was subjected;

    b.  Ms. Vallentgoed's protected activity is "inextricably intertwined" with the adverse actions to which the railroad subjected her.  *See Raye v. Pan Am Railways, Inc.*, 2013-FRS-84 at pg. 10 (OALJ June 25, 2014) (holding that when protected activity and adverse actions are inextricably intertwined, there is a presumptive inference of causation), *aff'd*, No. 14-074, 2016 WL 5340238 (ARB Sept. 8, 2016).

10.     As a result of the actions that the railroad and its decision-makers took to reprimand, suspend, terminate, or otherwise discriminate against Ms. Vallentgoed, she has suffered damages that include but are not limited to:

    a.  Loss of wages and benefits;

    b.  Adverse results to her credit and finances during the time she was terminated;

    c.  Negative remarks in her personnel files that may lead to blacklisting;

    d.  Emotional distress and/or loss of enjoyment of life; and

    e.  Other consequential damages including but not limited to litigation costs

and reasonable attorneys' fees.

11.     Based on the allegations outlined above, Ms. Vallentgoed demands and prays that the Court enter judgment in her favor and against Defendant BNSF Railway Company for all relief necessary to make Ms. Vallentgoed whole, including but not limited to relief in the form of:

> a.  An award of back pay with interest of any amounts not paid as a result of the Public Law Board's decision to reinstate her employment;
>
> b.  An award of benefits lost, including but not limited to credit for months of service that Ms. Vallentgoed would have earned with the Railroad Retirement Board absent the railroad's unlawful termination of her employment and loss of vacation time and seniority;
>
> c.  An award for emotional distress, pain, suffering, and loss of enjoyment of life;
>
> d.  An award for any and all other compensatory damages, including litigation costs and reasonable attorneys' fees; and
>
> e.  An award of whatever interests, costs, and other damages as may be allowed by law.

12.     The railroad's termination of Ms. Vallentgoed's employment was done with malice or ill will, the knowledge that its actions violated federal law, or reckless disregard or callous indifference to the risk that its actions violated federal law.  Ms. Vallentgoed therefore further prays for punitive damages in an amount up to the statutory maximum of $250,000 under 49 U.S.C. § 20109(e)(3) to punish the railroad for its unlawful activity and deter the railroad from engaging in such unlawful activity in the future.

## DEMAND FOR TRIAL BY JURY

13.     Ms. Vallentgoed hereby makes and files a written demand for a trial by jury in this action on all issues so triable pursuant to 45 U.S.C. §§ 51-60, 49 U.S.C. § 20109(d)(3), and/or any other controlling authority.


                                        Respectfully submitted,

Dated: August 27, 2021                  */s/ John D. Magnuson*
                                        YAEGER & JUNGBAUER BARRISTERS, PLC
                                        John D. Magnuson, *pro hac vice* anticipated
                                        4601 Weston Woods Way
                                        Saint Paul MN 55127
                                        Telephone: (651) 288-9500
                                        jmagnuson@yjblaw.com


                                        Bradley Crosta, #10571
                                        CROSTA LAW OFFICE. PLLC
                                        19743 1st Avenue South
                                        Normandy Park, WA, 98148
                                        Telephone: (206) 623-9400
                                        bcrosta@crostalaw.com

                                        *Attorneys for Plaintiff Dava Vallentgoed*